### BROOKS v. JACK'S COOKIE CO.
#### Civ. A. No. 4141.

United States District Court
E. D. South Carolina,
Columbia Division.

June 22, 1954.

Edens & Woodward and Cunningham & Brandon, Columbia, S. C., for plaintiff.

Lassiter, Moore & Van Allen, Charlotte, N. C., Herbert & Dial, Columbia, S. C., for defendant.

WYCHE, Chief Judge.

The above case is now before me upon motion of the defendant for summary judgment upon the third cause of action alleged in the complaint in which it is alleged that plaintiff was unlawfully and unjustifiably discharged by the defendant from his job as exclusive broker and authorized representative of the defendant in the States of South Carolina, North Carolina, Virginia, and West Virginia, which position with the defendant he had held since January, 1952; that during the course of his association with defendant, and pursuant to the terms of his contract with the defendant, plaintiff had over a period of approximately twenty months, created an efficient organization for the sale and distribution of defendant's products in said States; that said organization consisted largely of distributors and jobbers in

said States, whose services and facilities plaintiff had secured for the sale and distribution of defendant's products; that on September 3, 1953, defendant distributed to all of the distributors and jobbers composing the sales and distribution system plaintiff had created, as aforesaid, the following letter: "This is to notify you that effective September 1, 1953, Mr. A. A. Brooks and his organization are no longer the sales representatives of Jack's Cookie Company, Charlotte, N. C. We are sorry that situations of this nature have to arise, but we have no hesitancy in doing that which in our judgment is best for the company, its distributors, representatives and customers. You will be contacted as soon as possible by an official representative of this company. It is our sincere desire to serve you in an efficient manner with quality products of which you can be proud. Your business is greatly appreciated and we will do everything in our power to continue to be worthy of it. Should there be any questions whatsoever concerning this situation, please do not hesitate to call Mr. Howard Walters at 3–9033, Charlotte, N. C." It is further alleged in the complaint that the contents of said letter maliciously and falsely impute to plaintiff a want of capacity or fitness for engaging in his business as broker and sales representative; the contents of said letter further maliciously and falsely impute and insinuate that plaintiff was guilty of some unexplained dishonesty or misconduct in his business dealings with defendant, resulting in his discharge by defendant; that the nature of plaintiff's business as broker and sales representative is such that those with whom he has business dealings necessarily must have great confidence in his character and business ability; that said false and malicious imputations and insinuations contained in said letter, and published and distributed as aforesaid, have damaged plaintiff in his personal and business reputation, have impaired the confidence in plaintiff's ability and char-

acter of those with whom plaintiff customarily has business dealings, and have greatly prejudiced plaintiff in his business as broker and sales representative.

■ Where two or more persons have been engaged in business together or have had business relations with each other, a notice by one of such parties announcing the dissolution or cessation of such business relations is not actionable where the publication *contains nothing more than is necessary to accomplish its purpose*; however, if the notice goes further and impugns the character or reputation of the party or reflects on him in such a manner as injuriously to affect him in his business, the notice then becomes actionable *per se.* 53 C.J.S., Libel and Slander, § 43 p. 93.

■ It is well settled in the State of South Carolina, that words which falsely charge one with unfitness in the way of a profession or trade are actionable *per se;* and as a logical matter it should be immaterial whether the charge of unfitness in the way of profession or trade is charged positively and directly by words of clear and unmistakable meaning, or only indirectly and by means of innuendo; so long as the words are understood by third persons to make the charge the affect from the standpoint of damage done may be calculated to be the same; a hidden charge made by insinuation and innuendo may inflict graver injury and injustice than a direct and specific accusation, which if false may be more easily met and refuted. Lesesne v. Willingham, D.C., 83 F.Supp. 918; Sandifer v. Electrolux, 4 Cir., 172 F.2d 548.

■ It seems to me that in applying the foregoing principles, the question should be left to the jury to determine whether or not the letter in question merely announced the dissolution or cessation of business relations between plaintiff and the defendant, or whether or not it went further and through additional words conveyed to those to whom

it was published the imputations and insinuations alleged in the complaint.

For the foregoing reasons it is my opinion that the motion for summary judgment on the third cause of action alleged in the complaint should be denied, and

It is so ordered.